UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RYAN M. COHEN, ESQ.
JEFFREY P. CURRY, ESQ.
1818 Market St., Ste 3200
Philadelphia, PA 19103
and
SAM STRETTON
301 South High Street
West Chester, PA 19381

| | |
|---|---|
| ROSENBAUM & ASSOCIATES, P.C. | : |
| 1818 Market St., Ste 3200, Phila., PA 19103 | : |
| and | : |
| DAVID A. ROSENBAUM | : JURY DEMANDED |
| 1818 Market St., Ste 3200, Phila., PA 19103 | : |
| and | : |
| JEFFREY M. ROSENBAUM | : |
| 1818 Market St., Ste 3200, Phila., PA 19103 | : |
| **vs.** | : |
| MORGAN & MORGAN a/k/a MORGAN & MORGAN, PA | : |
| 20 N. Orange Ave., Ste 1600, Orlando, FL 32801 | : NO. |
| and | : |
| JOHN MORGAN | : |
| 20 N. Orange Ave., Ste 1600, Orlando, FL 32801 | : |
| and | : |
| MIKE MORGAN | : |
| 20 N. Orange Ave., Ste 1600, Orlando, FL 32801 | : |
| and | : |
| DANIEL MORGAN | : |
| 20 N. Orange Ave., Ste 1600, Orlando, FL 32801 | : |
| and | : |
| MATT MORGAN | : |
| 20 N. Orange Ave., Ste 1600, Orlando, FL 32801 | : |
| and | : |
| SCOTT WEINSTEIN | : |
| 20 N. Orange Ave., Ste 1600, Orlando, FL 32801 | : |
| and | : |
| ULTIMA MORGAN | : |
| 20 N. Orange Ave., Ste 1600, Orlando, FL 32801 | : |

CIVIL ACTION
**THE PARTIES**

1. The plaintiff, Rosenbaum & Associates, P.C. is a corporation with a principal place of business 1818 Market St. Philadelphia, Pa 19103.

2. The plaintiff, David Rosenbaum is one of the owners and officers of Rosenbaum & Associates, P.C. and works at 1818 Market St. Philadelphia, Pa 19103.

3. The plaintiff, Jeff Rosenbaum is one of the owners and officers of Rosenbaum & Associates, P.C. and works at 1818 Market St. Philadelphia, Pa 19103.

4. The defendant, Morgan & Morgan a/k/a Morgan & Morgan, PA, is a law firm with its principal place of business in Orlando, Florida at 20 N. Orange Ave., Ste 1600, Orlando, FL 32801.

5. The defendant, John Morgan, is an owner, shareholder and/or partner of the defendant Morgan & Morgan a/k/a Morgan & Morgan, PA, with its principal place of business in Orlando, Florida at 20 N. Orange Ave., Ste 1600, Orlando, FL 32801.

6. The defendant, Mike Morgan, is an owner, shareholder, employee and/or partner of the defendant Morgan & Morgan a/k/a Morgan & Morgan, PA, with its principal place of business in Orlando, Florida at 20 N. Orange Ave., Ste 1600, Orlando, FL 32801.

7. The defendant, Daniel Morgan, is an owner, shareholder, employee and/or partner of the defendant Morgan & Morgan a/k/a Morgan & Morgan, PA, with its principal place of business in Orlando, Florida at 20 N. Orange Ave., Ste 1600, Orlando, FL 32801.

8. The defendant, Matt Morgan, is an owner, shareholder, employee and/or partner of the defendant Morgan & Morgan a/k/a Morgan & Morgan, PA, with its principal place of business in Orlando, Florida at 20 N. Orange Ave., Ste 1600, Orlando, FL 32801.

9. The defendant, Scott Weinstein, is an owner, shareholder, partner and/or manager of the defendant Morgan & Morgan a/k/a Morgan & Morgan, PA, with its principal place of business in Orlando, Florida at 20 N. Orange Ave., Ste 1600, Orlando, FL 32801.

10. The defendant, Ultima Morgan, is an owner, shareholder, employee and/or partner of the defendant Morgan & Morgan a/k/a Morgan & Morgan, PA, with its principal place of business in Orlando, Florida at 20 N. Orange Ave., Ste 1600, Orlando, FL 32801.

11. At all times relevant hereto, the individual Defendants were acting as the agents, servants and/or employees within the course and scope of their employment, with Morgan and Morgan, PA and the doctrine of Respondeat Superior is invoked herein.

## JURISDICTION AND VENUE

12. The amount in controversy exclusive of interest and costs exceeds the sum or value of $75,000.00.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the claims arise under the Lanham Act, 15 U.S.C. § 1051, et seq. This Court has pendent jurisdiction over the state law claims that arise under the laws of Pennsylvania, pursuant to the principles of supplemental jurisdiction set forth in 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendants, Morgan & Morgan a/ka Morgan & Morgan, PA, John Morgan, Mike Morgan, Daniel Morgan, Matt Morgan, Scott Weinstein and Ultima Morgan, as they conduct business in this district and have disseminated false advertising in Pennsylvania

15. Venue is proper in this district under 28 U.S.C. § 1391 (b)(1) and (c), because the Court has personal jurisdiction over Defendants. Venue is also proper in this jurisdiction pursuant to 28 U.S.C. § 1391 (b)(2) because events or omissions giving rise to these claims occurred in this district. Further, Defendants have solicited business in this district, falsely advertised in this district, and engaged in unfair competition and common law fraudulent misrepresentation in this district. Defendants have also committed the offending acts by

advertising on the internet and using deceptive practices on the internet, which is used by residents of this district.

## FACTUAL ALLEGATIONS

16. Morgan & Morgan PA is a law firm which holds itself out as being capable of providing legal services to individuals in need of legal representation.

17. Morgan & Morgan PA has offices in several states throughout the county and its principal office is located in Orlando, Florida.

18. Morgan & Morgan PA provides legal services to people who suffer various types of personal injuries.

19. In particular, Defendants represent individuals seeking monetary compensation for bodily injuries sustained as a result of another person and/or company's negligent/wrongful conduct.

20. Defendants run advertisements that appear in and/or on Pennsylvania, New Jersey and Delaware media outlets.

21. Through advertisements, Defendants actively solicit potential clients, secures business and collects fees from out-of-state, i.e., from clients who reside in New Jersey and Delaware.

22. The types of legal services that Defendants provide involve corporations, insurance companies and defense counsel with offices throughout the country, and national federal aid programs such as Medicare and Medicaid.

23. The business activities of Defendants that are subject of this Complaint substantially affect interstate commerce and use communications in interstate commerce including the U.S. mail.

24. At some time in 2016, Defendants began advertising their legal services in the Philadelphia, Pennsylvania metropolitan area.

25. The majority of the advertisements used by Defendants, relate to their ability to provide legal services in matters involving personal injury.

26. The aforementioned advertisements feature Defendants John Morgan, Matt Morgan, Dan Morgan and/or Mike Morgan.

27. None of the individual Defendants are members of the Pennsylvania bar and they are not licensed to practice law in Pennsylvania.

28. Based upon information and belief, Morgan & Morgan did not have any attorneys employed by the firm working in Pennsylvania when it began advertising in the Philadelphia market.

29. At some point in or around November of 2016, a period of several months after Defendants began advertising in Pennsylvania, Morgan & Morgan hired an attorney, Jake David Sternberger, as the lone attorney in its Philadelphia office.

30. According to the Morgan & Morgan website, Jake Sternberger is the only Morgan & Morgan attorney located in Pennsylvania as of August 1, 2017.

31. According to the Pennsylvania disciplinary board web site Jake Sternberger was admitted to the Pennsylvania bar on October 18, 2016.

32. Upon information and belief, as of the filing of this complaint Jake Sternberger has little or no experience in handling personal injury matters.

33. Defendants' advertising campaign did, and continues to, mislead the consumer that they actively litigate claims in Pennsylvania when in fact their representation of personal injury clients is non-existent or minimal.

34. Many, if not all, of the television advertisements run by the Defendants were and continue to be false.

35. Many of the television advertisements run by Defendants were and continue to be misleading.

36. Many of the television advertisements run by Defendants were and continue to be deceptive.

37. Defendants advertising campaign in the Philadelphia market is false in that they do not represent clients for personal injury claims in Philadelphia or the surrounding counties.

38. The advertising by defendants in the Philadelphia market has a tendency to deceive a substantial portion of their intended audience.

39. The advertisements lead the consumers in the Philadelphia metro area to believe that John Morgan and Morgan & Morgan will be personally involved in overseeing the handling of their personal injury claim.

40. The advertisements lead the consumers in the Philadelphia metro area to believe that John Morgan and Morgan & Morgan will handle their claim and they will not simply be referred to another lawyer or law firm.

41. In fact, as of the date of August 1, 2017, the defendants refer all or substantially all the cases generated from its advertising in the Philadelphia area to other attorneys and firms who do not work for the Defendants.

42. The advertisements do not advise the consumer that their case will be referred to another law firm.

43. In fact, at least some of the Defendants' advertisements explicitly state, in writing, that the advertisement is "not a referral service". This statement is false.

44. At least one of defendants' advertisements states, "I'm not just any lawyer, I'm your lawyer." This statement is false and misleading.

45. One or more of Defendants' advertisements state, "We're all here for you." Another advertisement states, "Our family is here for your family." These statements are false and misleading.

46. Another of Defendants' advertisements state, "You don't pay us unless we're successful."

47. The advertisements do not advise and/or suggest that John Morgan, the attorney speaking in the advertisement, is not licensed to practice law in Pennsylvania.

48. The advertisements do not advise and/or suggest that John Morgan, the attorney speaking in the advertisement, is not able to legally represent clients in Pennsylvania.

49. In many of the advertisements John Morgan describes himself to the consumer as a trial lawyer with over thirty years of experience. The advertisements also provide other personal information about and/or characteristics of Mr. Morgan. These advertisements are meant to convey to the public that Mr. Morgan and his firm will be handling the consumer's claim.

50. Some of the Defendants' advertising feature Matt Morgan, Dan Morgan and/or Mike Morgan. These advertisements also do not advise the consumer that the attorney appearing therein are unlicensed to practice law in Pennsylvania. Nor do they advise the consumer that they are not personally involved in handling claims in Pennsylvania.

51. The purpose of Defendants' significant advertising budget is to undermine the competition by overwhelming the consumers in the Philadelphia market with false and misleading information.

52. Consumers in the Philadelphia market were in fact misled and/or deceived by the Defendants' advertisements.

53. Upon information and belief neither John Morgan nor the other attorneys appearing in the Philadelphia Market TV advertisements actually speak, or meet with the potential clients.

54. Upon information and belief, thousands of consumers in the Philadelphia area have contacted Morgan & Morgan for representation in their personal injury claims since defendants began advertising in the Philadelphia market.

55. Defendants also have a significant billboard campaign in the Philadelphia market.

56. Most of the billboards feature John Morgan's face prominently, and state the firm name "Morgan & Morgan" with the slogan "For the people".

57. These billboards are meant to convey to the consumers that Morgan & Morgan and John Morgan will be their attorneys.

58. The billboards do not advise the consumers that John Morgan is not licensed to practice law in Pennsylvania.

59. The billboards do not advise the consumers that John Morgan cannot legally represent them in Pennsylvania.

60. The billboards do not advise the consumers that Defendants will refer their case to another lawyer and/or law firm.

61. Defendants also have targeted the Philadelphia metro area with internet/online marketing.

62. Defendants pay for online "keyword advertising" intended to reach people searching personal injury lawyers in Philadelphia and the surrounding area.

63. The Defendants' online advertising, in conjunction with their other marketing campaigns in the Philadelphia market, are intended to mislead and/or deceive the people of Pennsylvania that Defendants actively litigate personal injury matters in Philadelphia.

64. Defendants have spent several million dollars in advertising in the Philadelphia market through August of 2017.

65. During the twelve-month period preceding August of 2017, Defendants have spent more money advertising in the Philadelphia market than any other personal injury firm.

66. Section 7.2 of the Pennsylvania Rules of Professional Conduct states, in relevant part, "[a] lawyer or law firm shall not advertise as a pretext to refer cases obtained from advertising to other lawyers."

67. Defendants have engaged in improper and/or illegal conduct by propagating false and misleading statements in their advertisements.

68. Defendants advertising has deprived and continues to deprive Plaintiffs, and other personal injury firms, the opportunity to obtain prospective clients.

69. Plaintiff, Rosenbaum & Associates, P.C. is a law firm that handles almost exclusively personal injury related matters.

70. Plaintiff, David Rosenbaum is an attorney licensed to practice law in Pennsylvania for over 20 years.

71. Plaintiff, Jeffrey Rosenbaum is an attorney licensed to practice law in Pennsylvania for over 20 years.

72. Plaintiffs have been advertising their legal services related to personal injury claims in the Philadelphia market for over 15 years.

73. Plaintiffs and Defendants are in direct competition with each other as it relates to providing legal services for clients pursuing personal injury related claims.

74. Plaintiffs and Defendants are in direct competition with each other as it relates advertising for their legal services for clients pursuing personal injury related claims.

75. Numerous prospective personal injury clients contact law firms and/or lawyers based on advertising.

76. Plaintiffs have obtained clients through television advertising for over 15 years in the Philadelphia, and the surrounding area.

77. All attorneys who practice law at Rosenbaum & Associates are licensed to practice law in Pennsylvania.

78. As a result of Defendants' false and misleading advertising Plaintiffs have lost the opportunity to represent numerous personal injury claimants.

79. As a result of Defendants' extensive false and misleading advertising Plaintiffs have experienced a decline in the number of new clients that have contacted Plaintiff for legal services.

80. As a result of the Defendants' false and misleading advertising Plaintiffs will continue to lose the opportunity to represent future personal injury claimants.

81. As a result of the Defendants' false and misleading advertising plaintiff has and will continue to lose its ability to expand its client base.

82. Plaintiff also receives a significant portion of new clients through both current and former clients.

83. As a result of the Defendants' false and misleading advertising has and will continue to suffer economic loss and loss of good will.

84. Defendants have willfully and intentionally misrepresented the nature of their practice and their involvement with potential personal injury claims in an effort to deceive the consumers in the Philadelphia market.

85. As a direct and proximate result of Defendants' actions, Plaintiffs has suffered significant damages including, but not limited to: (1) actual damages to their goodwill and brand; (2) actual damages for past lost profits it would have made from potential clients that were confused by Defendants' advertisements and/or false and misleading statements; (3) actual damages for future lost profits it would have made from clients who intended to hire Plaintiff; (4) actual damages for future lost profits it would have made from future referrals of clients; (5) actual damages related to an inability to expand its client base; (6) actual damages related to advertising expenses to correct Defendants' misleading and deceptive advertisements; and (7) actual damages related to expense to repair the diminished value of its own brand.

COUNT I

VIOLATION OF THE LANHAM ACT
(15 U.S.C. § 1051 ET SEQ.)
FALSE ADVERTISING
(Against All Defendants)

86. The plaintiff, hereby incorporates the preceding paragraphs by reference as though same were fully set forth at length herein.

87. Defendants' advertisements included false and misleading statements of fact regarding its services and were distributed in interstate commerce and in this District. These advertisements contain actual misstatements and/or misleading statements and/or failures to disclose.

88. Defendants' statements actually deceive and/or have a tendency to deceive a substantial segment of Plaintiff's customers and potential customers. The deceptions are material in that they concern the quality and/or characteristics of Defendants' services and are likely to influence the decisions of consumers.

89. Defendants' false and misleading advertising statements and omissions injure both consumers and Plaintiff.

90. Defendants' false and misleading advertising statements and omissions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

91. Defendants' false and misleading advertising statements and omissions are likely to continue to injure Plaintiff by causing a decline in revenue, loss of good will, and other harm in an amount to be determined at trial, as a result of Defendants false and misleading statements.

92. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of 15 U.S.C. § 1125(a). Plaintiff is at present unable to ascertain the full extent of monetary damages it has sustain by reason of Defendants' acts.

93. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that Defendants obtained as a result of Defendants' acts in violation of 15 U.S.C. § 1125(a). Plaintiff is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of Defendants' acts.

94. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover from Defendants the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that Defendants conduct was undertaken willfully and with the intention of causing confusion, mistake or deception.

## COUNT II

PENNSYVANIA COMMON LAW- UNFAIR METHODS OF COMPETION
(Against All Defendants)

Case 2:17-cv-04250-MAK Document 1 Filed 09/22/17 Page 13 of 14

95. The plaintiff, hereby incorporates by reference herein the allegations contained in the preceding paragraphs of this Complaint as though same were fully set forth at length herein.

96. Defendants, as set forth above, engaged in conduct, which is contrary to honest industrial and commercial practice and, thus, has engaged in unfair methods of competition, in violation of the common law of the Commonwealth of Pennsylvania.

97. Defendants' acts are calculated to procure an unfair competitive advantage through false, misleading and deceptive advertising.

## DEMAND FOR RELIEF

Based upon the foregoing, Plaintiff requests the following relief:

i) That this Court enter preliminary injunctive relief enjoining the Defendants from any further publication of advertising in the Philadelphia market;

ii) That the preliminary injunction remain in effect until a trial on the merits can be held, at which time Plaintiffs request this Court to enter permanent injunctive relief;

iii) That Defendants account for and pay to Plaintiffs any and all gross revenues derived by the Defendants from the publication of the advertising in the Philadelphia market;

iv) This Court award monetary damages sustained by Plaintiff to include any and all economic loss caused by Defendants' violation of the Lanham Act and pursuant to Pennsylvania common law.

v) That this Court prohibit Defendants from advertising its services for personal injury related legal claims in Pennsylvania;

vi) That this Court enter a judgment awarding Plaintiff all damages it is entitled pursuant to common law and 15 U.S.C. § 1117, as a result of Defendants' acts in violation of 15 U.S.C. § 1125(a) and Pennsylvania law.

vii) That in light of the willful and intentional nature of Defendants' conduct, this Court enter judgment awarding Plaintiff its reasonable attorneys' fees, treble damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a), Pennsylvania law, and this Court's equitable discretion.

viii) That in light of the willful, malicious and intentional nature of Defendants' conduct, this Court award Plaintiff punitive damages in an amount to be determined at trial; and

ix) That this Court grant such other and further relief as it shall deem just and proper.

ROSENBAUM AND ASSOCIATES, P.C.

By: _____
RYAN M. COHEN, ESQ.
Attorney for Plaintiffs

DATE: 9-22-17