## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSENBAUM & ASSOCIATES, P.C., DAVID A. ROSENBAUM and JEFFREY M. ROSENBAUM<br><br>              Plaintiffs,<br><br>v.<br><br>MORGAN & MORGAN a/k/a MORGAN & MORGAN, PA, JOHN MORGAN, MIKE MORGAN, DANIEL MORGAN, MATT MORGAN, SCOTT WEINSTEIN and ULTIMA MORGAN<br><br>              Defendants. | Civil Action No.   2:17-cv-04250-MAK |

### BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendants, by and through counsel, file this brief in opposition to Plaintiffs' Motion for Preliminary Injunction and Memorandum of Law in Support (the "Motion" and "Memo.") (ECF No. 14).

### I.       INTRODUCTION

Plaintiffs ask this Court take the extraordinary measure of enjoining Defendants entirely from advertising their legal services in the Philadelphia market. Plaintiffs argue this equitable remedy should be granted because: (1) Defendants' advertisements are "literally false," and (2) Defendants' allegedly false advertising has caused Plaintiffs to lose clients. Plaintiffs' Motion should be dismissed without a hearing as Plaintiffs fail to demonstrate irreparable harm and fail to establish a likelihood of success on the merits.

The injunction sought would prevent Defendants from running all of their current advertisements. Injunctions prohibiting speech are rare. Yet, in making a sweeping request for this exceptional relief, Plaintiffs fail to delineate between Defendants' current television

advertisements and former television advertisements. In fact, in support of their request for prospective injunctive relief, Plaintiffs attached three advertisements - only one of which is currently running.[1] Curiously, none of these advertisements were provided or cited by Plaintiffs in their underlying Complaint. More importantly, Plaintiffs have not shown that any of the current advertisements are false or misleading.

Additionally, Plaintiffs cannot establish that they are more likely than not to suffer irreparable harm in the absence of preliminary relief. Plaintiffs allege that they have and will continue to suffer irreparable harm due to unidentified lost personal injury clients. However, the law on this matter is unambiguous: if plaintiffs are successful on the merits of their underlying complaint, their losses constitute purely economic harm that can be adequately compensated with a damages award. The Third Circuit has never upheld an injunction where the alleged injury, as here, constitutes a loss of money. For this reason alone, Plaintiffs' Motion should be summarily denied.

## II.    PRELIMINARY INJUNCTION STANDARD

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." American Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir.1994) (quotation omitted). The Supreme Court has set a high bar for injunctions prohibiting speech. In all but the most exceptional circumstances, an injunction restricting speech pending final resolution of constitutional concerns is impermissible. See Near v. Minnesota, 283 U.S. 697, 716, 51 S.Ct. 625, 75 L.Ed. 1357 (1931); Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 226–27 (6th Cir.1996). Any prior restraint bears a "heavy presumption against its constitutional validity." New York Times Co. v. United States, 403 U.S.

---

[1] As agreed by Defendants' counsel and memorialized in this Court's November 14, 2017 Order, Defendants have agreed to produce all current advertisements in the Philadelphia area market.

2

713, 714, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971). Thus, the Supreme Court has "imposed this 'most extraordinary remed[y]' only where the evil that would result from the reportage is both great and certain and cannot be mitigated by less intrusive measures." CBS, Inc. v. Davis, 510 U.S. 1315, 114 S.Ct. 912, 127 L.Ed.2d 358, (1994) (Blackmun, J., in chambers) (quoting Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 562, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1975)).

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir.1999).

The Third Circuit Court of Appeals recently clarified that "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017), as amended (June 26, 2017). It is only if these "gateway factors" are met, that a court considers the remaining two factors and "determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." Id.

## III.   ARGUMENT

Plaintiffs cannot establish either of the "gateway factors": (1) that it will suffer irreparable harm if the injunction is denied,[2] or (2) a likelihood of success on the merits.

---

[2] Because Plaintiffs are utterly unable to establish irreparable harm under Third Circuit precedent, and that failure alone is fatal to their motion, that factor will be addressed first.

### A. Plaintiffs Cannot Show Irreparable Harm

Plaintiffs' claim that they have suffered, and can prove, irreparable harm rests entirely upon the holding of the District Court in W.L. Gore & Assoc., Inc. v. Totes, Inc., 788 F. Supp. 800, 810 (D. Del. 1992). In Gore, the District Court stated that irreparable harm was "presumed" where there was a "reasonable belief" that the plaintiff was likely to be damaged as a result of allegedly false advertising. See Memo. at pp.14-16 (citing). Gore, however, is not the current standard in the Third Circuit.

According to the Third Circuit: "A party seeking a preliminary injunction in a Lanham Act case is not entitled to a presumption of irreparable harm but rather is required to demonstrate that she is likely to suffer irreparable harm if an injunction is not granted." Ferring Pharm., Inc. v. Watson Pharm., Inc., 765 F.3d 205, 217 (3d Cir. 2014), holding modified by Reilly v. City of Harrisburg, 858 F.3d 173 (3d Cir. 2017)).

In order to demonstrate irreparable harm, "the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Checker Cab of Philadelphia Inc. v. Uber Techs., Inc., 643 F. App'x 229, 232 (3d Cir. 2016) (citing Campbell Soup Co. v. ConAgra, 977 F.2d 86, 91 (3d Cir.1992) (internal quotation marks and citations omitted). The "'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" Id. at 91–92 (quoting ECRI v. McGraw–Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987)). Plaintiff must "demonstrate[ ] a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." Id. (citing Adams v. Freedom Forge Corp., 204 F.3d 475, 484-85 (3d Cir.2000). The Third Circuit Court of Appeals "has 'long

held that an injury measured in solely monetary terms cannot constitute irreparable harm.' " Id. (citing Liberty Lincoln–Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 557 (3d Cir.2009)).

Here, Plaintiffs argue they have and will continue to suffer irreparable harm because the accused advertisements "have caused, and will continue to cause, clients to retain Defendants as counsel." Plaintiffs further claim that, despite their own advertising efforts, they have seen a decline in the number of new clients in the first half of 2017. See Memo. at p. 15. Thus, Plaintiffs' entire basis for claiming irreparable harm is their purportedly lost clients.

The loss of customers "is a purely economic harm that can be adequately compensated with a monetary award following adjudication on the merits." Checker Cab, 643 F. App'x at 232 (citing In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1145 (3d Cir.1982) ("[W]e have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law.")). "The Third Circuit has repeatedly held that loss of sales and loss of business reputation . . . are all harms that can be remedied legally." Manganaro v. InteropTec Corp., 874 F. Supp. 660, 662 (E.D. Pa. 1995).

In Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797 (3d Cir. 1989),  the Third Circuit held that even where the alleged breach of contract could lead to massive layoffs at the plaintiff's company, injunctive relief was inappropriate given that such damages remained quantifiable. Id. at 798–99, 801 ("The preliminary injunction must be the only way of protecting the plaintiff from harm . . . The crucial issue in determining whether the district court abused its discretion in finding irreparable injury in this case is the question of whether money damages provide an adequate remedy at law to [the plaintiff]."). The Third Circuit found that even substantial economic injuries were insufficient to support injunctive relief given that "the monetary damages which [the plaintiff] alleges it is suffering are capable of ascertainment and

award at final judgment if [the plaintiff] prevails. These money damages will fully compensate [the plaintiff] for its losses." Id. at 801-02; see also Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) ("The availability of adequate monetary damages belies a claim of irreparable injury."); c.f. Penglai Jinfu Stainless Steel Products Co., Ltd. v. Geemacher, LLC, CV 16-0552, 2016 WL 660920, at *3 (E.D. Pa. Feb. 18, 2016) (even where defendant was claimed to be insolvent, no irreparable harm was found).

Plaintiffs admit that, while "difficult to quantify," they will "clearly be able to establish an economic loss." See Memo. at p. 15. Therefore, Plaintiffs have not even alleged that absent injunctive relief, they will suffer harm for which there is no adequate remedy at law. In fact, Plaintiff's Complaint, which requests money damages, expressly contradicts such an argument. See Complaint at pp. 13 (demanding "That Defendants account for and pay to Plaintiffs any and all gross revenues derived by the Defendants from the publication of the advertising in the Philadelphia market;" and that "The Court award monetary damages sustained by Plaintiff to include any and all economic loss caused by Defendants' violation of the Lanham Act and pursuant to Pennsylvania common law); see also Cerciello v. Sebelius, CV 13-3249, 2016 WL 792505, at *6 (E.D. Pa. Mar. 1, 2016) ("Dr. Cerciello's threats of money damages demonstrate that an adequate remedy at law exists, and belie any assertion that equitable relief is necessary."). The allegations and prayer for relief in the Complaint, as well as those in the Motion currently before this Court, make clear that any harm that Plaintiffs claim to suffer could be fully redressed by an award of damages. Plaintiffs have made no showing, let alone a clear showing, of irreparable harm.

Finally, even accepting Plaintiffs' allegations regarding Defendants' prior advertisements, Plaintiffs have not cited to a single advertisement that is currently running that

6

contains allegedly "false or misleading" language. "Whether a defendant's conduct has ceased is certainly a relevant consideration" in determining whether a plaintiff has demonstrated irreparable harm. Ferring, 765 F.3d at 219, holding modified by Reilly, 858 F.3d 173. For this reason too, Plaintiffs are unable to establish irreparable harm. Therefore, Plaintiffs' Motion for Preliminary Injunction should be denied.[3]

**B.    Plaintiffs Cannot Show Likelihood of Success on the Merits[4]**

To state a claim for false advertising under Section 43(a) of the Lanham Act, a plaintiff must allege that: "1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc., 653 F.3d 241, 248 (3d Cir. 2011).

Liability under Section 43(a) of the Lanham Act attaches only if the commercial message or statement is either: (1) literally false or (2) literally true or ambiguous, but has the tendency to deceive consumers. Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 943 (3d Cir.1993) ("a plaintiff

---

[3] Plaintiffs allege that "[a]t some point towards the middle of 2016 Defendants began an extensive advertising campaign in the Philadelphia metropolitan area." See Memo. at p. 3. Nevertheless, Plaintiffs failed to file a Complaint for nearly one year. See ECF No. 1 (Complaint filed on September 22, 2017). They also delayed seeking a preliminary injunction until nearly two months after they filed a Complaint. Plaintiffs have not alleged any reason for the delay or why a preliminary injunction is necessary at this time. This inexplicable delay also undermines their claim that they are being irreparably harmed.

[4] For the sake of efficiency, Defendants do not repeat at length the arguments set for in their Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint. Specifically, Defendants argue that Plaintiffs have not sufficiently pled that (1) Defendants' advertisements are false or misleading, (2) any alleged deception is material in that it is likely to influence purchasing decisions, or (3) a likelihood of injury on account of Defendants' alleged false or misleading advertisements. Defendants further argue that Plaintiffs' allegations regarding Defendants' advertisements are essentially accusations that Defendants are acting in violation of the Pennsylvania Rules of Professional Conduct "PRPC". Because the PRPC do not create a private right of action, Plaintiffs' claims are not properly before this Court. These arguments are included herein by reference.

must prove either literal falsity or consumer confusion, but not both"). "[O]nly an unambiguous message can be literally false." <u>Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmaceuticals Co.</u>, 290 F.3d 578, 587 (3r Cir. 2002). "The greater the degree to which a message relies upon the viewer or consumer to integrate its components and draw the apparent conclusion, however, the less likely it is that a finding of literal falsity will be supported." <u>United Indus. Corp. v. Clorox Co.</u>, 140 F.3d 1175, 1181 (8th Cir.1998); <u>see also Warner-Lambert Co. v. Breathasure, Inc.</u>, 204 F.3d 87, 96 (3d Cir.2000); <u>Castrol Inc. v. Pennzoil Co.</u>, 987 F.2d 939, 946 (3d Cir. 1993).

A determination of literal falsity rests on an analysis of the message in context. <u>Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc.</u>, 735 F.Supp. 597, 600 (D.Del.1989), <u>aff'd</u>, 902 F.2d 222 (3d Cir.1990). In analyzing whether an advertisement or product name is literally false, a court must determine, first, the unambiguous claims made by the advertisement or product name, and second, whether those claims are false. <u>Clorox Co. v. Proctor & Gamble Commercial Co.</u>, 228 F.3d 24, 34 (1st Cir. 2000). A "literally false" message may be either explicit or "conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." <u>Id.</u> at 35.

      **a. Plaintiffs Cannot Establish A Likelihood of Success As They Have Not Even Alleged That The Current Advertising Includes False (or Misleading) Statements**

Plaintiffs claim Defendants' advertisements are "literally false." <u>See</u> Memo. at p. 9. Specifically, Plaintiffs' claim that the following statements are false and unambiguous:

- "I'm not just any lawyer, I'm your lawyer,"

- "we're all here for you," and

- "our family is here for you family."[5]

<u>See</u> Memo. at p. 10.[6]  On this infirm basis, Plaintiffs request that the Court enter a Preliminary Injunction enjoining Defendants from:

- Engaging in false advertising and unfair competition with respect to its advertising in the Philadelphia metropolitan area;

- Advertising its legal services in the Philadelphia metropolitan area; and

- Continuing to use advertising which depicts the Defendants, or any of them, who are not licensed to practice in Pennsylvania and not members of the Pennsylvania bar.

<u>See</u> Motion at ¶ 14.

First, the advertisement in which John Morgan stated: "I'm not just any lawyer, I'm your lawyer," no longer runs in the Philadelphia market and Morgan & Morgan has no plan to run it here in the future.[7]  <u>See</u> Exhibit A, Declaration of Scott Weinstein ("Declaration"). The advertisement is therefore irrelevant to Plaintiffs' requested injunctive relief.

---

[5] Plaintiffs also claim that "the advertisements include the language 'ATTORNEY ADVERTISING – NOT A REFERRAL SERVICE'," yet Defendants "refer all or substantially all of the cases generate from its advertising in the Philadelphia area." Memo. at pp. 3-4.  Initially, the disclaimer referenced on pages 3 and 4, which included the language "ATTORNEY ADVERTISING – NOT A REFERRAL SERVICE," is no longer included on any television advertisements. <u>See</u> Exhibit A (setting forth the current disclaimer included with all television advertisements). Thus, similar to the "I'm your lawyer" advertisement, it is not relevant to the court's current analysis of whether Defendants should be enjoined from running their current advertisements. Moreover, whether Morgan & Morgan is acting as a "referral service" – a term which is defined by the Pennsylvania Rules of Professional Conduct – is a question for the Disciplinary Board of Pennsylvania, not this Court. <u>See</u>, <i>infra</i>, n. 4.

[6] Plaintiffs allege that additional features of advertisements, cited in support of their argument are "unambiguous," see Memo at p. 10, yet they not statements that Plaintiffs claim are "false". By way of example, Plaintiffs allege: "There is nothing ambiguous about John Morgan's attempt to influence the decisions of consumers by setting forth his personal accolades. There is nothing ambiguous about the Morgan family being prominently featured in Defendants' advertisements." <u>See</u> Memo. at p. 10. Plaintiffs do not argue in their Memorandum that John Morgan's accolades or the Morgan family members' inclusion in advertisements are "false." To the extent Plaintiffs intended to argue particular features of advertisements are misleading, they must show a tendency to deceive customers. Plaintiffs have not presented anything other than conclusory statements in that regard.

[7] Plaintiffs have attached the advertisement in which John Morgan stated:  "I'm not just any lawyer, I'm your lawyer" as an Exhibit to this Motion.  <u>See</u> Plaintiffs' Exhibit A.  As is evident from the disclaimer, this advertisement ran when Morgan & Morgan first entered the Philadelphia area market in association with Anapol Weiss. <u>Id.</u>

Second, Plaintiffs have not attached advertisements including the language: "we're all here for you," and "our family is here for you family" to the Motion. Nevertheless, to the extent such advertisements are currently running in the Philadelphia market, Plaintiffs have not explained how these statements are "literally false."[8] Instead, according to Plaintiffs, the "subject matter of this claim" is not the allegedly false statements set forth above, but rather the following "blatant falsities and misrepresentations": (1) "the advertisements do not alert the consumer that the attorneys depicted therein are not licensed to practice law in Pennsylvania;" and (2) "the advertisements do not explain to the consumer that Defendants do not intend to represent the consumer but rather will simply pass the consumer along to another attorney and/or firm in exchange for monetary compensation." See Memo. at p. 1.

     **b. Defendants' Current Disclaimer Addresses The Alleged Falsities and Misrepresentations**

The alleged "falsities and misrepresentations" cited by Plaintiffs are directly addressed by the disclaimer that runs with all of Defendants' current television advertisements in the Philadelphia metropolitan market. The disclaimer reads:

ATTORNEY ADVERTISEMENT

Before making your choice of an attorney, you should give this matter careful thought. The selection of an attorney is an important decision. Although some advertisements indicate that no fee shall be charged in the absence of a recovery, clients may be liable for certain expenses. The law firm responsible for this ad is Morgan & Morgan and the attorney in this ad is licensed in FL. Cases may be referred to and handled by another law firm as co-counsel.

See Exhibit A.

The disclaimer specifically addresses Plaintiffs' allegation that "the advertisements do not alert the consumer that the attorneys depicted therein are not licensed to practice law in

---

[8] Indeed, there is no allegation that Morgan & Morgan is not in fact a family based law firm. Plaintiffs also acknowledge that Morgan & Morgan has a Pennsylvania-based office and have an attorney working in their that office. Memo. at p. 7.

Pennsylvania" as it provides that "the attorney in this ad is licensed in FL." The disclaimer addresses Plaintiffs' allegation that the advertisements do not explain that their matter may be referred to another law firm as it states: "[c]ases may be referred to and handled by another law firm as co-counsel." See Memo. at p. 7; see also Exhibit A (Declaration).  Disclaimers of this sort are common in law firm advertisements that may reach multiple states and generate inquiries by prospective clients in practice areas or in geographic areas where the firm has limited capacity. The law firm is free to refer the matter to other counsel with such capability or lawyers at the firm may seek *pro hac vice* admission in the jurisdiction consistent with the local rules governing same.  Thus, the alleged "falsities and misrepresentations" do not constitute grounds for a preliminary injunction.

Plaintiffs, anticipating this argument, allege that the foregoing disclaimer is not sufficient in that it is in small print, is only on screen for three (3) seconds, and does not rectify an otherwise misleading advertisement. See Memo. at 11-12. In support of their argument, Plaintiffs quote Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 598 (3d Cir. 2002), in which the Court stated: "We do not believe that a disclaimer can rectify a product name that necessarily conveys a false message to the consumer." See Memo. at 11-12. Novartis is distinguishable in that the question before the Court was whether a disclaimer could cure a false statement. It did not, as Plaintiffs suggest, hold that a disclaimer does not rectify "an otherwise misleading ad." See Memo. at 11. Indeed, the Court stated that its ruling was not absolute, concluding: "Although we are skeptical whether disclaimers can cure false advertising claims (made literally or by necessary implication), they may be able to dispel misleading messages implied by a product's name." Novartis, 290 F.3d at 599.

Here, the disclaimer is not intended to cure a falsity. (Indeed, Plaintiffs have not identified a false statement in any of Defendants' current advertisement). Rather, it is meant to provide the consumer with additional information. There is no case law supporting Plaintiffs' position that the disclaimer is per se insufficient to cure an alleged misrepresentation.

Moreover, ironically, Plaintiffs base an allegation of falsity on language included in an earlier disclaimer – that Defendants are "not a referral service", see Memo. at 3-4. Yet, they claim language in the current disclaimer is insufficient to "cure the deceptive nature of Defendants' advertising campaign." See Memo. at 11. One disclaimer of a particular size and duration criticized by Plaintiffs cannot be the basis for the claim of falsity, and a different disclaimer, of the same size and duration, too insignificant to correct any alleged falsity. Plaintiffs cannot have it both ways.[9]

### c. Plaintiffs Fail To Show a Likelihood of Injury Caused by Defendants' Allegedly False Advertisements

Plaintiffs fail to demonstrate that they have suffered or will suffer damages as a result of Defendants' allegedly false and misleading advertisements.

Plaintiffs do not complain about lawyer advertisements referring to them, criticizing them or negatively comparing or contrasting their services against the legal services offered by Morgan & Morgan. Indeed, it is uncontroverted that no Morgan & Morgan advertisement makes any mention of Plaintiffs whatsoever. Plaintiffs also do not contend that Morgan & Morgan's clients are anything less than satisfied with the legal services they have received. Plaintiffs do not

---

[9] Regardless, the sufficiency of a disclaimer on an attorney advertisement is regulated – like the rest of Plaintiffs' allegations – by the Supreme Court of Pennsylvania, through the Pennsylvania Rules of Professional Conduct ("PRPC"). See PRPC 7.1 cmt. [3] ("The inclusion of an appropriate disclaimer or qualifying language may preclude a finding that a statement is likely to create unjustified expectations or otherwise mislead the public."). As set forth in Defendants' Memorandum of Law in Support of their Motion to Dismiss, the sufficiency of the disclaimer is fundamentally a matter of attorney advertising exclusively regulated by that Court and not grounds for a private cause of action.

identify any Morgan & Morgan client that was somehow duped into entering into an attorney-client relationship with Morgan & Morgan when the client truly intended to retain Plaintiffs. Instead, they are left to speculate that if Morgan & Morgan's television advertisements dwelled a few seconds longer on its disclaimer, perhaps fewer prospective clients would have responded to the advertisement and instead decided to retain Plaintiffs.

A legal advertisement is of course only a mere introduction of a firm to a potential client or someone who may know a potential client. The potential client is free to follow up and contact the advertising law firm and decide whether to enter into a lawyer-client relationship on the terms offered, and is also free to "shop around" and contact any number of other firms that advertise in the marketplace or perform other forms of due diligence to find a law firm or lawyer who suits the prospective client's needs. Plaintiffs completely ignore the fact that every prospective client enjoys the free will to pursue or ignore legal advertising that may nor may not appeal to that person, leaving Plaintiffs' central theory that there "must" be some causal connection between some Morgan & Morgan advertising and Plaintiffs' unspecified reduction in new clients and resulting unidentified reduction in profits entirely speculative and unavailing as a matter of law. [10]

### d.   The Advertisements Attached By Plaintiffs Do Not Support Their Motion

In support of their claims, Plaintiffs have attached three Morgan & Morgan advertisements as Exhibit A. The videos, which are not numbered, dated or explained in any way in the Motion or Memorandum, are labeled as follows:

---

[10] Plaintiffs offer no support for their claim that they have lost clients because of Defendants' advertising. Plaintiffs do not identify a single client who retained Morgan & Morgan because of an advertisement who would have otherwise retained Plaintiffs. Further, Plaintiffs conveniently ignore many reasonable explanations for their purported loss of clients, such as the effect of other competition in the market or the wisdom of Plaintiffs' own advertising strategy.

(1) "Morgan ad - I'm your lawyer"

This commercial includes the following disclaimer:

ATTORNEY ADVERTISEMENT – NOT A REFERRAL SERVICE
Before making your choice of an attorney, you should give this matter careful thought. The selection of an attorney is an important decision. Although some advertisements indicate that no fee shall be charged in the absence of a recovery, clients may be liable for certain expenses. The law firm responsible for this advertisement with Morgan and Morgan is Anapol Weiss. Offices: One Logan Square, 130 N. 18th Street, Suite 1600, Philadelphia, PA 19103

(2) "Morgan ad – Qualifications"

This advertisement includes the following disclaimer:

"OFFICES - SARASOTA."

(3)  "Morgan ad – October 2017 new disclaimer"

This advertisement includes the following disclaimer:

ATTORNEY ADVERTISEMENT
Before making your choice of an attorney, you should give this matter careful thought. The selection of an attorney is an important decision. Although some advertisements indicate that no fee shall be charged in the absence of a recovery, clients may be liable for certain expenses. The law firm responsible for this ad is Morgan & Morgan and the attorney in this ad is licensed in FL. Cases may be referred to and handled by another law firm as co-counsel.

See Plaintiffs' Exhibit A; see also Memo. at p. 7 (emphasis added).

These advertisements actually undermine Plaintiffs' argument for injunctive relief.  The first advertisement, "Morgan ad - I'm your lawyer", currently does not run in the Philadelphia market. See Exhibit A (Declaration) The second advertisement, "Morgan ad – Qualifications" ran in the Sarasota market, as noted by the "Offices –Sarasota" statement. The third advertisement includes the current disclaimer, which is discussed above and directly refutes Plaintiffs' alleged "falsities and misrepresentations." Therefore, the evidence proffered by

Plaintiffs demonstrates that Plaintiffs' inferences controvert the actual text of the advertisements and cannot substantiate a claim for false advertising.[11]

## C. The Court, Respectfully, Should Deny the Motion for Preliminary Injunction Without a Hearing

Finally, a motion for a preliminary injunction may be denied without a hearing if "the movant is proceeding on a legal theory which cannot be sustained" or "the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." Checker Cab Philadelphia, Inc. v. Uber Techs., Inc., No. CIV.A. 14-7265, 2015 WL 966284, at *2 (E.D. Pa. Mar. 3, 2015), aff'd sub nom. Checker Cab of Philadelphia Inc. v. Uber Techs., Inc., 643 F. App'x 229 (3d Cir. 2016) (citing Hynoski v. Columbia County Redevelopment Authority, 485 F. App'x 559, 564 (3d Cir.2012) (quoting Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1175–76 (3d Cir.1990)).  Plaintiffs cannot, as a matter of law, establish that they are more likely than not to suffer irreparable harm in the absence of preliminary relief as their purported losses constitute purely economic harm.

Plaintiffs also cannot establish a likelihood of success on the merits as the current advertisements make clear that the attorney identified in the advertisement is licensed in Florida and that cases may be referred to another law firm. These statements refute the two allegedly blatant "falsities" cited by Plaintiffs in their motion.  Since Plaintiffs' Complaint is deficient as a

---

[11] As Plaintiffs have satisfied neither gateway factor, the Court need not examine the remaining two factors. Nevertheless, those factors also militate against granting an injunction. Defendants, who maintain an office in Philadelphia, have the right to advertise their legal services in Pennsylvania.  Plaintiffs cannot identify any false or misleading statements in Defendants' current advertisements.  To prohibit Defendants from advertising at all based upon unsubstantiated allegations would be unjust (not to mention a violation of their well-recognized rights of commercial speech) and subject Defendants to unnecessary and greater harm than Plaintiffs claim to suffer.

Finally, there is no public interest that would be advanced by entering an injunction at this time.  The current disclaimer explains that (1) the attorneys appearing in the advertisements are from Florida; and (2)  cases may be referred to other counsel. See Exhibit A. Thus the current advertisements, read in context and taken as a whole, belie Plaintiffs' purported concerns.

matter of law and its motion for preliminary injunction fails to make out a colorable basis for injunctive relief, neither the Defendants nor the Court should be required to expend the substantial additional time, effort and resources necessary to prepare for and participate in a preliminary injunction hearing. Accordingly, the Court should deny the Motion without a hearing.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this court deny Plaintiffs' Motion for Preliminary Injunction.

<div style="margin-left: 40%;">

Respectfully submitted,

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

</div>

Dated: November 28, 2017

<div style="margin-left: 40%;">

By:   Gaetan J. Alfano
      GAETAN J. ALFANO, ESQUIRE
      ERIC SOLLER, ESQUIRE
      LESLIE A. MARIOTTI, ESQUIRE
      I.D. No. 32971 & 309395
      1818 Market Street, Suite 3402
      Philadelphia, PA 19103
      (215) 320-6200

      *Attorneys for Defendants*

</div>

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** has been served on this date upon the individuals and in the manner indicated below:

### VIA COURT'S ECF SYSTEM

Ryan Cohen, Esquire
Jeffrey Paul Curry, Esquire
Rosenbaum and Associates
1818 Market Street
Suite 3200
Philadelphia, Pa 19103


Attorneys for Plaintiffs


PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

Dated:  November 28, 2017

By:   Gaetan J. Alfano
GAETAN J. ALFANO, ESQUIRE
ERIC SOLLER, ESQUIRE
LESLIE A. MARIOTTI, ESQUIRE
I.D. No. 32971 & 309395
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 320-6200

*Attorneys for Defendants*

17

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROSENBAUM & ASSOCIATES, P.C., DAVID A. ROSENBAUM and JEFFREY M. ROSENBAUM | Civil Action No.   2:17-cv-04250-MAK |
| Plaintiffs, | |
| v. | |
| MORGAN & MORGAN a/k/a MORGAN & MORGAN, PA, JOHN MORGAN, MIKE MORGAN, DANIEL MORGAN, MATT MORGAN, SCOTT WEINSTEIN and ULTIMA MORGAN | |
| Defendants. | |

**DECLARATION OF SCOTT W. WEINSTEIN**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.      I serve as Morgan & Morgan's Global Managing Partner.

2.      I have reviewed Plaintiffs' Motion for Preliminary Injunction and Defendants' response thereto.

3.      I have made inquiry with our marketing department in order to ascertain the facts set forth in this Declaration.

4.      The following disclaimer is included in all of Morgan & Morgan's current television advertisements in the Philadelphia metropolitan area:

ATTORNEY ADVERTISEMENT

Before making your choice of an attorney, you should give this matter careful thought. The selection of an attorney is an important decision. Although some advertisements indicate that no fee shall be charged in the absence of a recovery, clients may be liable for certain expenses. The law firm responsible for this ad is Morgan & Morgan and the attorney in this ad is licensed in FL. Cases may be referred to and handled by another law firm as co-counsel.

Offices: 2 Penn Center, Suite 900 John F. Kennedy Blvd., Philadelphia, PA 10102

1

5.     A screenshot of the disclaimer, as included in the current television advertisements, is attached hereto as Exhibit 1.

6.     The advertisement included in "Exhibit A" to Plaintiffs' Motion for Preliminary Injunction, and titled "Morgan ad - I'm your lawyer", no longer runs in the Philadelphia metropolitan market.

7.     Morgan & Morgan has no plan to run the advertisement titled "Morgan ad - I'm your lawyer" in the Philadelphia metropolitan market in the future.

8.     I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Scott Wm Weinstein

November 28, 2017
Date

2

# EXHIBIT 1



**Attorney Advertising**
Before making your choice of an attorney, you should give this matter careful thought. The selection of an attorney is an important decision. Although some advertisements indicate that no fee shall be charged in the absence of recovery, clients may be liable for certain expenses. The law firm responsible for this ad is Morgan & Morgan and the attorney in this ad is licensed in FL. Cases may be referred to and handled by another law firm as co-counsel.

**Offices:** 2 Penn Center, Suite 900, 1500 John F Kennedy Blvd., Philadelphia, PA. 19102