EXHIBIT "A"

THOMAS J. MARONICK
Emeritus Professor of Marketing
Towson University
Towson, Maryland 21252

November 15, 2017

Mr. Ryan Cohen
Rosenbaum Associates
1818 Market Street, Suite 3200
Philadelphia, PA 19103

RE: Morgan & Morgan Litigation

Dear Mr. Cohen:

Introduction. You have asked me to provide information to the Court regarding the existence of what is called the "lag effect" or "carry-over effect" of advertising, i.e., the extent to which an advertising message or series of messages effects sales after the ads have been stopped. Below is a brief analysis of the issue.

Background. My academic background includes a BA in Philosophy from St. Thomas Seminary, an MBA from the University of Denver, a Doctorate in Business Administration (DBA) from the University of Kentucky, and a JD from the University of Baltimore School of Law. I am an inactive member of the Maryland Bar.

My professional background includes teaching marketing and consumer behavior for over 40 years, first at the University of Baltimore and most recently at Towson University in Baltimore, from which I retired in June of 2017. My professional background also includes serving as the Director of Impact Evaluation in the Bureau of Consumer Protection at the Federal Trade Commission. In that position, I was the in-house marketing expert for all divisions of the Bureau. I have also published 12 peer-reviewed journal articles on marketing and consumer behavior subjects over the past 20 years.

The Carry-Over Effect of Advertising. The carry-over effect of advertising has long been recognized as an important aspect of marketing and advertising. As noted by Tull in 1965, "...the effect of a given advertising expenditure on sales is distributed over time and a reaction to advertising is delayed and is sometimes spread over a long period."[1] After an analysis of prior studies, Tull concluded that:

> "Advertising impressions may cumulate over time to build brand awareness and finally to persuade a buyer to purchase the brand. In this case, present-period sales are partially a function of past-period advertising."

---

[1] Donald S. Tull (1965) "The Carry-Over Effect of Advertising" Journal of Marketing 29 (4), pg. 46-53.

Similarly, Hise and Strawser noted that "A major dimension of any advertisement is the length of time it continues to generate sales. A great deal of research in this area supports the hypothesis that this effect is long-run in nature."[2] These authors conclude that "the lagged effect is strong evidence for considering advertising as an asset, i.e., as an investment rather than an expense."

Additionally, Raj found that the time period over which there is a carry-over effect of a single ad is approximately three to six months.[3] Other authors have found a longer carry-over effect of a single advertising claim. For example, Lodish, et.al.,[4] found in a study of the impact of TV advertising campaigns on sales of 42 established products based on retail scanner data that "the initial sales impact of successful TV advertising campaigns is approximately doubled when the sales impacts over the next two years is added." Specifically, they found that "...on average there is a significant carry-over from the first year's increase to the second, and a smaller but still significant carry-over to the third year."

Finally, Appelton-Knapp et.al.[5] found that multiple advertising claims for the same product/service and repeated exposure to the same ad have a significant positive impact on recall of ad claims. In a study of recall of brand names the authors that, when the claim associated with a brand name was repeated and when the claim was varied over time, recall of the brand name increased.

Opinion. I have reviewed multiple Morgan & Morgan television ads and have been informed that Morgan & Morgan has run multiple ads in the Philadelphia market since 2016. Importantly, I understand that Morgan & Morgan ads have a high frequency (i.e., number of times an ad is run) and a high level of "geo-targeting' (i.e., limited to the Philadelphia market). Also, it is my understanding that, in addition to frequent ads, the claims have been changed over the past two years, creating, consistent with Appelton-Knapp's findings, a strong likelihood of a magnified carry-over effect of their allegedly misleading claims over time.

Given this brief review of the academic literature regarding the carry-over effect of advertising, there can be no doubt in my expert opinion, that prior alleged misleading advertising by Morgan & Morgan is likely to be recalled by consumers in the geographic area where those ads were run. Also, in my opinion, those ads are not only likely to be recalled but are likely also to have a positive impact on a consumer's decision to engage the legal services of Morgan & Morgan based on claims made in advertisements many months prior to the individual consumers' ultimate decision. Moreover, in my opinion, revised advertisements that perhaps contain fewer or no misleading claims are not, in my opinion, likely to negate recall of prior allegedly misleading claims.

---

[2] Hise, Richard and Robert Strawser (1976) "Advertising Decisions and the Long Run Effects of Advertising" Journal of Advertising 5(4), pg. 20-42.
[3] Raj, S.P. (1982) "The Effects of Advertising on High and Low Loyalty Consumer Segments Journal of Consumer Research 9 (June), pg.77-89.
[4] Leonard Lodish, et. al. (1995) "A Summary of Fifty-Five In-Market Experimental Estimates of the Long-Term Effect of TV Advertising" Marketing Science 14 (3), pg. G133-G140.
[5] Appelton-Knapp, Sara, Robert Bjork, Thomas Wickens (2005) "Examining the Spacing Effect in Advertising: Encoding Variability, Retrieval Processes, and Their Interaction" Journal of Consumer Research 32(September) pg. 266-276.

<u>Possible Research Design.</u>  Given this view and the research that supports it, I believe it is appropriate to use generally accepted methods in advertising research to assess consumers' perception of prior allegedly misleading advertising to determine how consumers in the target market for the advertising interpret express and implied claims therein.  I also believe, because of the evidence of a carry-over effect of advertising, that a consumer's assessment of a current Morgan & Morgan ad as not being misleading does not negate the impact of earlier advertising which contained misleading express and/or implied claims.

Regards,

*[signature]*

Thomas J. Maronick, DBA, JD
Emeritus Professor of Marketing/Consultant