**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSENBAUM & ASSOCIATES, P.C.,** *et al* | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | **NO.  17-4250** |
| **MORGAN & MORGAN,** *et al* | : | |

**KEARNEY, J.**                                                   **January 8, 2017**

## MEMORANDUM

A Philadelphia personal injury law firm which advertises on television and billboards alleges a national personal injury law firm recently expanding its practice into Philadelphia causes it to lose potential personal injury clients through television commercials and billboard advertising when the national law firm does not, and never intends to, represent Pennsylvania personal injury clients.  The Philadelphia firm alleges the national firm, even though it hired a Pennsylvania licensed lawyer for its Philadelphia office, refers all or a vast majority of potential local clients to other law firms in exchange for a referral fee if the client eventually recovers. The national firm and a few of its almost 350 lawyers sued here now move to dismiss the Philadelphia firm's claims before discovery.  We grant their motion in part and deny in part.

The Philadelphia firm pleads claims against the national firm, its managing global partner and (for one statement) the national firm's senior partner for four possibly false, deceptive or misleading statements in television commercials.  We assume, as we must at this early stage, the Philadelphia firm can prove the national firm has not represented, and never intends to represent, a local personal injury client including by referring the valid cases to other lawyers.    After two tries, the Philadelphia firm has not plead claims against the other lawyers in the national firm.

## I.    Plead Facts

Philadelphia law firm Rosenbaum & Associates, P.C. practices "almost exclusively" in personal injury matters.[1]   For the past fifteen years, Rosenbaum advertises its personal injury services to the Philadelphia market through television and billboard advertising.[2]

Morgan & Morgan, P.A. is a national law firm headquartered in Orlando, Florida.[3] Morgan & Morgan also practices in personal injury matters obtaining clients through television and billboard advertising.[4]   In 2016, Morgan & Morgan began seeking personal injury cases through television commercials and billboards in the Philadelphia area.[5]   When it began advertising, Morgan & Morgan did not have attorneys regularly working in Pennsylvania.[6]  A few months after it began advertising, Morgan & Morgan hired a Pennsylvania licensed attorney, Jake David Sternberger, to work in its Philadelphia office.[7]   The Pennsylvania Supreme Court licensed Attorney Sternberger on October 18, 2016 but Rosenbaum alleges he has "little to no experience handling personal injury matters."[8]

### A.    Morgan & Morgan's television commercials.

Morgan & Morgan's television advertisements feature attorneys John Morgan and allegedly Matt Morgan, Dan Morgan, Ultima Morgan, and Mike Morgan.[9]  None of the attorneys are barred in Pennsylvania.[10]  Attorney Scott Weinstein, the global managing partner of Morgan & Morgan, approved and authorized the television advertisements, including the advertisements discussed below, shown in the Philadelphia area.[11]

In one of the television commercials, John Morgan, a founding Morgan & Morgan attorney, states "I'm not just any lawyer, I'm your lawyer."   No one else makes this statement. It is undisputed John Morgan is not licensed to practice law in Pennsylvania. Some advertisements also show John Morgan describing himself as a trial lawyer with over 30 years'

2

experience.[12]   This is apparently a true statement.   Rosenbaum does not allege any other statements made by an individual Morgan & Morgan attorney.

In another television commercial, Morgan & Morgan states "we're all here for you," and, "our family is here for your family."[13]   Rosenbaum does not identify the person making this statement and does not identify the lawyers allegedly appearing in the commercial.

In another television commercial, Morgan & Morgan states "you don't pay us unless we're successful."[14]   Rosenbaum does not identify the person making this statement and does not identify the lawyers allegedly appearing in this commercial. At oral argument, Rosenbaum's counsel conceded this statement is true but later argued it could be deceptive because it suggests Morgan & Morgan needs to be successful when, in fact, Morgan & Morgan has no role in the success.

In another television commercial, Morgan & Morgan posts a written disclaimer of not being "a referral service."[15]   The advertisements once included a disclaimer:

ATTORNEY ADVERTISEMENT–NOT A REFERRAL SERVICE

Before making your choice of an attorney, you should give this matter thought. The selection of an attorney is an important decision.  Although some advertisements indicate that no fee shall be charged in the absence of recovery, clients may be liable for certain expenses.  The law firm response for this ad is Morgan and Morgan.

Offices: 2 Penn Center, Suite 900 John F. Kennedy Blvd.,
Philadelphia, PA 19102.[16]

3

After Rosenbaum filed this case, Morgan & Morgan revised its disclaimer:

### Attorney Advertising

Before making your choice of an attorney, you should give this matter careful thought. The election of an attorney is an important decision. Although some advertisements indicate that no fee shall be charged in the absence of recovery, clients may be liable for certain expenses. The law form responsible for this ad is Morgan and Morgan and the attorney in this ad is licensed in FL. Cases may be referred to and handled by another law firm as co-counsel.

Offices: 2 Penn Center, Suite 900 John F. Kennedy Blvd., Philadelphia, PA 19102.[17]

### B.    Morgan & Morgan's billboard advertisements.

Morgan & Morgan also advertise through billboards in the Philadelphia area.[18] Many of the billboards feature John Morgan's likeness with the phrases "Morgan & Morgan" and "For the people."[19]    The billboards do not include the identified statements from the television commercials. Rosenbaum also does not allege who makes the "For the people" statement. At oral argument, Rosenbaum's counsel conceded of not being aware, at this time, of deceptive statements on billboards similar to its argument based on statements in television commercials.

### C.    Morgan & Morgan's representation of clients in Pennsylvania.

Rosenbaum alleges Morgan & Morgan does not, will not, and never intends to, represent personal injury clients in the Philadelphia market.    "[T]housands of consumers in the Philadelphia area contacted Morgan & Morgan for representation in their personal injury claims" since Morgan & Morgan began its "several million dollar" advertising campaign.[20]    Rosenbaum alleges the advertisements create an impression Morgan & Morgan and its featured attorneys will represent clients in the Philadelphia area.[21]    Rosenbaum alleges, in reality, potential clients contacting Morgan & Morgan never speak with or are represented by the attorneys appearing in

4

the advertisements.[22]   Instead, Morgan & Morgan "refer[s] all or substantially all" potential clients acquired through advertising in the Philadelphia area to other attorneys and firms.[23]

Based on Morgan & Morgan's advertising campaign, Rosenbaum, one of hundreds of direct competitors, claims it "lost the opportunity to represent numerous personal injury claimants."[24]   Rosenbaum lost clients since Morgan & Morgan began advertising and is losing the "ability to expand its client base" because many of its clients come through existing clients so the loss is multiplied.[25]   Rosenbaum alleges lost profits, lost goodwill, and damage to its brand.[26]

## II.    Analysis

Rosenbaum sued Morgan & Morgan and some of its lawyers John Morgan, Matt Morgan, Dan Morgan, Ultima Morgan, Mike Morgan, and Scott Weinstein alleging Morgan & Morgan's advertisements violated the Lanham Act because they contain false and misleading statements suggesting Morgan & Morgan attorneys will actually represent clients when in fact prospective clients are referred to another law firm or attorney without ever speaking to a Morgan & Morgan attorney.   Rosenbaum also alleges a Pennsylvania common law unfair competition claim based on false and misleading advertising.

Morgan & Morgan moves to dismiss arguing Rosenbaum failed to allege a false or misleading statement under the Lanham Act or Pennsylvania law.   The individual attorneys, John Morgan, Mike Morgan, Daniel Morgan, Matt Morgan, Ultima Morgan, and Scott Weinstein, each move to dismiss arguing Rosenbaum failed to plead sufficient details of their involvement in the alleged false or misleading advertisements.[27]

5

### A.      Rosenbaum pleads a claim for four statements in commercials.

Rosenbaum alleges Morgan & Morgan's advertisements are false under the Lanham Act and Pennsylvania unfair competition law because they state Morgan & Morgan attorneys will actually represent clients when in fact prospective clients are referred to another law firm or attorney without ever speaking to Morgan & Morgan's attorneys.

To state a claim for false advertising, Rosenbaum must allege (1) Morgan & Morgan made false or misleading statements as to its legal services; (2) the statements actually deceive or at least have a "tendency to deceive a substantial portion of the intended audience;" (3) Morgan & Morgan's "deception is material in that it is likely to influence purchasing decisions;" (4) "the advertised goods traveled in interstate commerce;" and, (5) Rosenbaum will likely suffer injury from "declining sales, loss of good will, etc."[28]

### 1.      The alleged misrepresentations as to Morgan & Morgan.

Rosenbaum must show Morgan & Morgan advertisements are "either (1) literally false or (2) literally true or ambiguous, but has the tendency to deceive consumers."[29]  We analyze the advertisements in context to determine whether they are literally false and unambiguous, and if it is unambiguous and literally false under the first prong, we presume the second prong exists.[30]

Rosenbaum alleged Morgan & Morgan's billboard advertisements and internet keyword searches are also misleading but conceded at oral argument Morgan & Morgan does not make specific misleading statements in the billboards and internet advertising.  Rosenbaum also alleged John Morgan's description of his legal career is a false or misleading statement, however, does not allege a specific falsehood or inaccuracy in the description.

Through oral argument, we clarified the specific statements Rosenbaum alleges are misleading or false and which individual defendants it alleges are liable for the specific

statements. The alleged misleading statements from Morgan & Morgan television commercials are (1) "I'm your lawyer"; (2) "We're all here for you" and "Our family is here for your family"; (3) "You don't pay us unless we're successful"; and, (4) "not a referral service."

## *"I'm your lawyer"*

Rosenbaum alleges John Morgan states in a Morgan & Morgan television commercial "I'm your lawyer" in the Philadelphia area.[31]  Rosenbaum alleges John Morgan's statement is misleading or literally false because he is not licensed to practice law in Pennsylvania, has never served as a lawyer in a Pennsylvania personal injury matter, and never intends to represent personal injury clients in Pennsylvania.  At this stage, accepting these allegations as true, Rosenbaum states a plausible claim the advertisement is misleading or literally false because John Morgan's "I'm your lawyer" statement may mislead a Philadelphia viewer and has a tendency to deceive he or she into believing John Morgan will personally represent him or her when in reality he will not represent, and arguably cannot represent him or her in a Pennsylvania personal injury matter.

## *"We're all here for you" and "Our family is here for your family"*

Rosenbaum alleges unidentified members of the Morgan family appear in a television commercial and a voice states "We're all here for you" and "Our family is here for your family." At oral argument, Rosenbaum could not recall if a member of the Morgan family made these statements or an unidentified voiceover.  Rosenbaum alleges these two statements are misleading or literally false because Morgan & Morgan did not employ attorneys licensed to practice in Pennsylvania and the members of the Morgan family appearing in the advertisement are not licensed to practice in Pennsylvania and do not intend to ever represent clients in the Philadelphia area.   At this stage, accepting these allegations as true, Rosenbaum states a

7

plausible claim the advertisement is misleading or literally false because the statements "We're all here for you" and "Our family is here for your family" may mislead a Philadelphia viewer and has a tendency to deceive he or she into believing a member of the Morgan family will personally represent him or her when in reality no member of the Morgan family or Morgan & Morgan will represent him or her in a Pennsylvania personal injury matter.

### *"You don't pay us unless we're successful"*

Rosenbaum alleges a Morgan & Morgan television advertisement in the Philadelphia area states, "you don't pay us unless we're successful" and leads a viewer to believe Morgan & Morgan will represent and the viewer will only pay them if successful.[32]  Rosenbaum alleges this is misleading or literally false because Morgan & Morgan will never represent the clients in the Philadelphia area meaning a client could not owe fees to Morgan & Morgan because Morgan & Morgan could never be successful.  At this stage accepting as true the allegations, Rosenbaum plausibly could show through discovery this statement is misleading or has the tendency to deceive because when Morgan & Morgan made this statement it never actually represented a client in the Philadelphia area, foreclosing the possibly it could successfully represent the client, and create a relationship where a client could ever owe fees to Morgan & Morgan.

### *"Not a referral service"*

Rosenbaum alleges for some period of time before August 1, 2017, a Morgan & Morgan television advertisements shown in the Philadelphia contained a written disclaimer the firm is "not a referral service."  Rosenbaum alleges this written disclaimer is misleading or literally false because Morgan & Morgan automatically refers a vast majority of Pennsylvanians' personal injury matters to other attorneys and law firms without the clients' consent and without involvement of Morgan & Morgan.[33]

8

Rosenbaum also alleges advertisements aired after August 1, 2017, Morgan & Morgan removed the "not a referral service" disclaimer and added a "brief" disclaimer informing the public their cases "may be referred to and handled by another firm as co-counsel."[34] Rosenbaum alleges Morgan & Morgan's use of "co-counsel" is misleading or literally false because in the vast majority of cases an attorney from Morgan & Morgan never enters an appearance or is ever involved with the Pennsylvanians' personal injury matter.

At this stage, accepting Rosenbaum's allegations as true, Rosenbaum may be able to show, there was a time period when Morgan & Morgan stated it was "not a referral service" which may have been literally false or at least have the tendency to mislead potential clients into believing Morgan & Morgan would represent them in their personal injury matters, when in fact, Morgan & Morgan automatically referred a vast majority matters to other law firms or attorneys.

Rosenbaum's allegations are similar to those addressed in *Larry Pitt & Associates v. Lundy Law, LLP*, where Judge Rufe found the competing law firm stated a Lanham Act false advertising claim by alleging its competitor law firm advertised it handled a particular practice area but actually referred all clients in that practice area to another firm. In *Larry Pitt*, a law firm representing clients in small personal injury, social security disability, and workers' compensation, sued Lundy Law under the Lanham Act.[35] Larry Pitt alleged "Lundy Law advertised itself as a law firm representing clients in Social Security disability and workers' compensation cases, when in fact it refers such cases to other firms in exchange for a referral fee, and does not actually represent clients in such cases."[36] In its Lanham Act claim, Larry Pitt also alleged Lundy Law's false advertisements violated Pennsylvania Rule of Professional Conduct 7.2 which prohibits, among other things, lawyers and law firms from advertising "as a pretext to refer cases obtained from advertising to other lawyers" without disclosing the referral.[37]

Assuming Lundy Law did not represent clients in Social Security disability and workers' compensation claims, Judge Rufe held Lundy Law's advertising as representing clients in those areas has "a tendency to deceive or mislead a substantial portion of the intended audience, and may even be literally false."[38]   Judge Rufe also found Larry Pitt's allegations advertising influences potential clients' choice of law firms sufficient to show Lundy Law's "advertisements may draw business which would otherwise go [Larry] Pitt or other firms" injuring Larry Pitt's business.[39]   Judge Rufe denied Lundy Law's motion to dismiss finding Larry Pitt stated a plausible claim for relief noting the Lanham Act claim "is better decided on a complete factual record."[40]

Morgan & Morgan argues Rosenbaum cannot allege they are a "referral service" without implicating Pennsylvania Rule a Professional Conduct 7.2(k) and we cannot permissibly look at Rule 7.2(k) in a Lanham Act case.  The issue is how do we and our jury determine if "not a referral service" is a false statement.  The parties concede an absence of authority defining referral service.  The comments to Rule 7.2 (k) describe it is "misleading to the public for a lawyer or law firm, with knowledge that the lawyer or law firm will not be handling a majority of the cases attracted by advertising, to nonetheless advertise for those cases only to refer the cases to another lawyer whom the client did not initially contact."  We asked Rosenbaum's counsel how the jury could decide whether a law firm which refers cases to other knowledgeable lawyers is a referral service.  Rosenbaum agreed referrals are proper but Morgan & Morgan's conduct is different because it allegedly automatically refers a "vast majority" of valid personal injury claims to other law firms and does not, and never intends to, actually represent personal injury clients in Pennsylvania.

All parties agreed we could not rule on whether Morgan & Morgan violated the Pennsylvania Rules of Professional Conduct.  The Rules of Professional Conduct do not use the phrase "referral service" and no caselaw cited to us as yet defines "referral service."  This issue involves both a fact investigation of the extent of these referrals as opposed to retained matters and eventually a determination of whether telling potential clients of your interest in being their lawyer when, in fact, you do not intend to be their lawyer is unfair competition.

We decline to address this mixed issue of fact and law at the motion to dismiss stage. Like Judge Rufe in *Larry* Pitt, we can better decide this issue possibly involving a term with some connection to the Rules of Professional Conduct "on a complete factual record."

### 2.  Rosenbaum pleads the other elements of a Lanham Act claim against Morgan & Morgan.

At this stage, Rosenbaum states a claim for the specific statements (1) "I'm your lawyer"; (2) "We're all here for you" and "Our family is here for your family"; (3) "You don't pay us unless we're successful"; and, (4) "not a referral service" are misleading or literally false under the Lanham Act.  Rosenbaum also alleges through their advertising, both it and Morgan & Morgan acquire potential personal injury clients and Morgan & Morgan's allegedly false and misleading statements will "influence [potential client's] purchasing decisions."[41]  Rosenbaum also sufficiently alleges "the advertised goods traveled in interstate commerce" because Morgan & Morgan provides legal services in more than one state.[42]  Rosenbaum also sufficient alleges it will likely suffer injury because potential clients who would have contacted Rosenbaum where mislead by Morgan & Morgan's advertisements and contacting Morgan & Morgan instead leading to lost profits and goodwill.[43]

Rosenbaum also sufficiently alleges the advertisements are literally false or misleading about Morgan & Morgan's representation of clients which influence potential clients' choices

11

and cause damages to Rosenbaum's profits and goodwill.  Rosenbaum also states a claim for unfair competition under Pennsylvania law because "[u]nder Pennsylvania law, the elements necessary to prove unfair competition through false advertising parallel those elements needed to show a Lanham Act violation, absent the requirement for goods to travel in interstate commerce."[44]

**B.       Rosenbaum pleads an unfair competition claim against John Morgan, Esquire and Scott Weinstein, Esquire.**

Rosenbaum also allege the individual attorneys, John Morgan, Mike Morgan, Daniel Morgan, Matt Morgan, Ultima Morgan, and Scott Weinstein, are liable under the Lanham Act for their participation in and approval of the alleged false advertising.  Our court of appeals has allowed individual liability of a corporate officer under the Lanham Act for unfair competition, but never addressed the application of Lanham Act liability to members of a professional association.

In *Donsco, Inc. v. Casper Corp.*, the court held under the Lanham Act, "a corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort."[45]  The court held where a corporate officer "authorized and approved the acts of unfair competition" it is "sufficient actual participation" for liability under the Lanham Act.[46]  We apply this "authorized and approved" standard at this early stage.  Even applying a liberal pleading standard, Rosenbaum must plead a named defendant had some specific role in the statements which equate to unfair competition within its good faith obligations under Rule 11.  But merely being an employee – even a senior officer- of the entity issuing the potentially misleading statements is not enough.

12

### *John Morgan, Esquire as spokesperson on one commercial.*

Rosenbaum alleges John Morgan, an attorney with Morgan & Morgan, appears in advertisements stating "I'm your lawyer" and describing "himself to the consumer as a trial lawyer with over thirty years of experience" which "convey[s]" the message John Morgan and Morgan & Morgan will handle the prospective clients' claim.[47]  Rosenbaum alleges, in reality, John Morgan is not licensed to practice law or legally represent clients in Pennsylvania but the advertisements do not advise prospective clients of this fact.[48]  Rosenbaum also alleges John Morgan knew these advertisements would be shown in the Philadelphia area.[49]  As discussed above, Rosenbaum does not allege John Morgan's description of his legal career is false and we do not analyze it for personal liability.

Accepting as true Rosenbaum's allegations, John Morgan's statement "I'm your lawyer" may be literally false or have the tendency to mislead viewers into believing John Morgan, himself, will represent them.  Rosenbaum's allegation John Morgan states this in a television commercial shown in Philadelphia aware he did not intend to represent clients sufficiently pleads "is an actual participant in the tort" and could be subject to personal liability under the Lanham Act.[50]  Even if he did not write the words, he spoke them and given his role as a senior founder of Morgan & Morgan, authorized the commercial with his statement.  We deny John Morgan's motion to dismiss Rosenbaum's claim as to the one television commercial with the "I'm your lawyer" statement.

### *Scott Weinstein, Esquire, as global managing partner.*

Rosenbaum alleges Scott Weinstein is the managing partner of Morgan & Morgan and in his role, Scott Weinstein "approved" and "authorized" the advertisements to be shown in the Philadelphia area.[51]

13

Mr. Weinstein argues personal liability under the Lanham Act cannot attach because Rosenbaum's allegations against him are based solely on the title he holds with Morgan & Morgan. He relies on the district court's dismissing a chief executive officer from a Lanham Act claim in *General Steel Domestic Sales, LLC v. Chumley*, where a competitor alleged a steel company made literally false statements about its own history, customers, and where its steel was used.[52]   The competitor alleged the company's chief executive officer "'formulates, controls, directs, supervises, perpetuates, manages' all activities of the company including its advertising practices and policies."[53]   The district court found the competitor stated a false advertising claim against the steel company.[54]   The district court found the competitor failed to allege personal liability against the chief executive officer because it did not allege he "actively participated in or personally directed or actively supervised or approved of or sanctioned" the alleged false advertisements.[55]   The district court highlighted the lack of allegations of personal or active actions on the part of the chief executive of officer.[56]

Rosenbaum alleges Attorney Weinstein personally approved and authorized the alleged false advertising. Combined with his undisputed role as global managing partner, this allegation is sufficient at the early motion to dismiss stage. Rosenbaum's allegations are unlike *Chumley* where the competitor alleged the chief executive officer supervised all advertising practices generally based on his title. At this stage accepting Rosenbaum's allegation Attorney Weinstein personally authorized and approved the television advertisements featuring the allegedly misleading statements as true, it is a sufficient allegation he "personally …approved of [and] sanctioned" the advertisements for personal liability under the Lanham Act.[57]   We deny Attorney Weinstein's motion to dismiss Rosenbaum's claim against him relating to the four statements in the television commercials.

14

C.  **Rosenbaum does not plead statements or participation attributed to Mike Morgan, Esquire, Daniel Morgan, Esquire, Matt Morgan, Esquire or Ultima Morgan, Esquire.**

Rosenbaum makes the same broadly worded allegations as to Morgan & Morgan attorneys, Mike Morgan, Daniel Morgan, Matt Morgan and Ultima Morgan. They are attorneys with Morgan & Morgan who allegedly appear in unidentified advertisements in the Philadelphia area but are not licensed to practice law in Pennsylvania.[58]  At oral argument, Rosenbaum's counsel argued unidentified members of John Morgan's family appeared in a commercial with the statements, "We're all here for you" and "Our family is here for your family" but did not attribute those statements to a specific member of the Morgan family and is not aware if a member of the family or a voiceover made the statements.

Without allegations as to each attorney's personal involvement, we cannot find Rosenbaum's allegations of general knowledge of the advertising campaign sufficient to sustain personal liability under the Lanham Act.  Unlike Rosenbaum's specific allegations against John Morgan, who makes an affirmative misleading statement, or Mr. Weinstein, who personally approved and authorized advertisements containing the four alleged misrepresentations, Rosenbaum's vague and general allegations Mike Morgan, Daniel Morgan, Matt Morgan, Ultima Morgan appeared in a commercial where an alleged misrepresentation is also stated without more detail is not sufficient to show they "actively participated in or personally directed or actively supervised or approved of or sanctioned" the alleged false advertisements.[59]  We grant Mike Morgan's, Daniel Morgan's, Matt Morgan's, Ultima Morgan's motions to dismiss Rosenbaum's false advertising claim under the Lanham Act against them.

## III.   Conclusion

Philadelphia personal injury law firm Rosenbaum claims it is losing personal injury clients since national law firm Morgan & Morgan expanded its personal injury practice into Philadelphia in 2016.  Rosenbaum attributes its loss of business and good will to Morgan & Morgan's advertising.  Rosenbaum alleges Morgan & Morgan, while advertising it wants to be your Pennsylvania personal injury lawyer, has no intent of ever being your personal injury lawyer in Pennsylvania.  Rosenbaum alleges Morgan & Morgan automatically refer all – or at least a vast majority of - calls responsive to its advertising to other Pennsylvania lawyers without telling the potential customer.  We do not today decide whether Rosenbaum can prove Morgan & Morgan's four statements in television commercials are deceptive or any other element of unfair competition law, including the materiality of these statements in causing Rosenbaum to lose potential personal injury clients in Pennsylvania.

In the accompanying Order, we only decide Rosenbaum states a claim for possibly four statements in television commercials shown at some point in 2016 or 2017 which may equate to unfair competition against Morgan & Morgan, its global managing partner Scott Weinstein, Esquire and senior partner John Morgan, Esquire (as to his one statement, "I'm your lawyer"). We dismiss the remaining claims and named lawyer-defendants.

---

[1] ECF Doc. No. 23, ¶¶ 1, 75-76.   At this stage, we accept Rosenbaum's well-pleaded allegations as true and view them in a light most favorable to Rosenbaum.  *See Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 85 (3d Cir. 2011)).

[2] *Id.* ¶ 80.

[3] *Id.* ¶ 2.

[4] *Id.* ¶¶ 16-17.

16

[5] *Id.* ¶ 22.

[6] *Id.* ¶¶ 25-26.

[7] *Id.* ¶ 27.

[8] *Id.* ¶¶ 29-30.

[9] *Id.* ¶ 24.

[10] *Id.* ¶ 25.

[11] *Id.* ¶ 51.

[12] *Id.* ¶¶ 46-47.

[13] *Id.* ¶¶ 42-43.

[14] *Id.* ¶ 44.

[15] *Id.* ¶ 41.

[16] *Id.* ¶ 53.

[17] *Id.* ¶ 54.

[18] *Id.* ¶ 62.

[19] *Id.* ¶ 63.

[20] *Id.* ¶¶ 61, 71.

[21] *Id.* ¶¶ 31, 37.

[22] *Id.* ¶ 60.

[23] *Id.* ¶ 39.

[24] *Id.* ¶ 82.

[25] *Id.* ¶¶ 83-87.

[26] *Id.* ¶ 89.

[27] In deciding a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, but we "are not compelled to accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assoc., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Our Court of Appeals requires we apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[28] *Groupr SEB USA, Inc. v. Euro-Pro Operating, LLC*, 774 F.3d 192, 198 (3d Cir. 2014) (quoting *Pernod Richard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011) and *Warner-Lambert Co. v. Breathsure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000)).

[29] *Id.* (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)).

[30] *Larry Pitt & Associates v. Lundy Law, LLP*, No. 13-2398, 2013 WL 6536739 at *6 (E.D. Pa. Dec. 13, 2013) (citing *Pernod*, 653 F.3d at 248).

[31] Morgan & Morgan and John Morgan chose the specific pronoun "I" and we analyze their word choice. We express no opinion had John Morgan stated "we're your lawyers".

[32] Morgan & Morgan chose "unless we're successful" and we analyze using the specific pronoun referring to Morgan & Morgan's involvement. Again, we express no opinion as to the result had Morgan & Morgan stated "you don't pay unless you're successful."

[33] *Id.* ¶¶ 35-38.

[34] *Id.* ¶¶ 40-41, 54-55.

[35] *Larry Pitt*, 2013 WL 6536739 at *1.

[36] *Id.* at *2.

[37] Pennsylvania Rules of Professional Conduct 7.2(k).

[38] *Larry Pitt*, 2013 WL 6536739 at *6.

[39] *Id.*

[40] *Id.*

[41] *Groupe SEB*, 774 F.3d at 198 (quoting *Pernod*, 653 F.3d at 248 and *Warner-Lambert*, 204 F.3d at 91-92).

[42] ECF Doc. No. 23, ¶¶ 15, 19, 21.

[43] *Id.* ¶¶ 83-87.

[44] *Reese v. Pook & Pook, LLC.*, 158 F. Supp. 3d 271, 288 (E.D. Pa. 2016) (quoting *Leonetti's Frozen Foods, Inc. v. Am. Kitchen Delights, Inc.*, No. 11–6736, 2012 WL 1138590, at *11 (E.D. Pa. Apr. 4, 2012) and *KDH Elec. Sys., Inc. v. Curtis Tech. Ltd.*, 826 F.Supp.2d 782, 807 (E.D. Pa. 2011)).

[45] *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978) (internal citations omitted).

[46] *Id.*

[47] ECF Doc. No. 23, ¶ 47.

[48] *Id.* ¶ 25.

[49] *Id.* ¶ 50.

[50] *See Donsco*, 587 F.2d at 606.

[51] *Id.* ¶ 51.

[52] No. 13-00769, 2014 WL 2111107, at *3-4 (D. Col. May 20, 2014).

[53] *Id.* at *5.

[54] *Id.*

[55] *Id.* at *6.

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] *Id.* at *6.