# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROSENBAUM & ASSOCIATES, P.C., *et al* | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| | : | NO. 17-4250 |
| MORGAN & MORGAN, *et al* | : | |

**KEARNEY, J.**  April 12, 2018

## MEMORANDUM

While the Supreme Court has long upheld a lawyer's First Amendment right to advertise her services, federal law prohibits businesses - including law firms competing for personal injury clients - from using false and deceptive advertising. A personal injury law firm losing revenue may sue under federal law trying to affix responsibility for its lost business on a new competitor's advertising campaign. Our role is to evaluate whether the new competitor's advertising campaign is false and deceptive and, even if so, whether the law firm losing business can prove the false or deceptive advertising campaign caused its financial losses. In reviewing allegations in a complaint, we evaluate only whether the affected law firm states a claim. We cannot today decide this type of false advertising case based on over 200 alleged advertisements at this early stage based on challenges to the accuracy of selected words or phrases in an extended advertising campaign. Instead, we evaluate whether the affected law firm can show the new competitor's advertising campaign could, in the context of each advertisements, state a false advertising claim. We also must defer to allegations identifying parties responsible for the advertising campaign. We do not now review evidence or whether the new competitor's advertising campaign caused the financial losses. Those tasks remain after discovery or possibly trial. We deny Defendants' partial motion to dismiss.

## I. Plead facts in the Second Amended Complaint.

Philadelphia law firm Rosenbaum & Associates, P.C. practices "almost exclusively" in personal injury matters.[1] For the past fifteen years, Rosenbaum advertises its personal injury legal services in the Philadelphia market through television advertisements.[2] Rosenbaum now sues for lost business it attributes to a competitor's false advertising campaign. It claims losing the opportunity to represent numerous personal injury clients and its ability to expand its customer base.[3] Rosenbaum is losing the "ability to expand its client base" because many of its clients come through existing clients so the loss is multiplied.[4] Rosenbaum alleges lost profits, lost goodwill, and damage to its brand.[5]

### A. The Morgan Defendants' inter-relationships.

Rosenbaum affixes the responsibility for its lost business on an advertising campaign touting entities and individual lawyers affiliated with Morgan & Morgan, PA, a law firm based in Orlando, Florida with offices around the country.[6] Morgan & Morgan PA represents clients in personal injury lawsuits.[7]

Rosenbaum names two entities and four individuals affiliated with Morgan & Morgan, PA as responsible for the advertising campaign. Rosenbaum alleges Morgan & Morgan PA is the entity advertising legal services in the Philadelphia market.[8] Rosenbaum alleges another entity, Morgan & Morgan Global PLLC, owns and controls Morgan & Morgan PA.[9] Morgan & Morgan Global owns two trademarked phrases, "Morgan & Morgan" and "For the People" which are used in the advertising campaign.[10] Rosenbaum mentions – but does not sue - an entity named Morgan & Morgan Philadelphia, PLLC alleging it is "corporate shell and an accounting artifice that [Morgan & Morgan PA and Morgan & Morgan Global PLLC] have

2

operated as an agent for and on [Morgan & Morgan PA and Morgan & Morgan Global PLLC]."[11] Rosenbaum alleges Morgan & Morgan Philadelphia is managed by another non-party, Morgan & Morgan Philadelphia Management, Inc.[12] Rosenbaum instead sues John B. Morgan, Scott W. Weinstein, and Reuven Moskowitz who allegedly direct Morgan & Morgan Philadelphia Management.[13]

Rosenbaum alleges four individuals, John B. Morgan, Ultima Morgan, Scott W. Weinstein, and Reuven Moskowitz, played some role in the deceptive advertising campaign. Rosenbaum alleges John B. Morgan and Scott W. Weinstein are agents or employees of Morgan & Morgan PA and Morgan & Morgan Philadelphia PLLC entities and they manage Morgan & Morgan Global.[14] Rosenbaum alleges Ultima Morgan and Reuven Moskowitz are agents or employees of Morgan & Morgan Global, Morgan & Morgan PA, and Morgan & Morgan Philadelphia.[15]

Rosenbaum alleges all named defendants started advertising Morgan & Morgan's personal injury services in the Philadelphia market in December 2015.[16] At this early stage of its Pennsylvania efforts, no attorneys worked on personal injury matters for a Morgan & Morgan entity in a Philadelphia office.[17] At some point, Morgan & Morgan Philadelphia opened an office in Philadelphia but Morgan & Morgan PA denies it has an office in Philadelphia.[18]

In January 2017, Morgan & Morgan PA hired Pennsylvania attorney Jacob Sternberger as the only attorney in its Philadelphia office.[19] As a newly licensed attorney, Attorney Sternberger had "little to no experience" representing clients in personal injury matters.[20] Attorney Sternberger is the only Morgan & Morgan PA attorney regularly working in Philadelphia and none of the Morgan & Morgan entities use this office to meet clients or practice

law but "to perpetuate the charade [all Morgan & Morgan entities] are handling personal injury claims for clients in the Philadelphia market."[21]

### B. Morgan & Morgan's advertising campaign in the Philadelphia market.

"[T]elevision commercials, billboards advertisements, internet marketing, and branded website pages" advertise "Morgan & Morgan's" legal representation for personal injury cases.[22]

#### 1. Morgan & Morgan's creation of advertisements.

John Morgan and Reuven Moskowitz approved the budget and the run times for the television advertisements.[23] Reuven Moskowitz also assisted John Morgan in preparing the scripts for the television advertisements.[24] John Morgan and Reuven Moskowitz also directed the marketing company which handled the advertising campaign.[25] Morgan & Morgan PA's managing partner Scott Weinstein "approved and/or authorized" the television campaign shown in the Philadelphia market.[26] The advertising campaign features attorneys John Morgan, Ultima Morgan, Matt Morgan, Dan Morgan, and Mike Morgan.[27]

#### 2. Morgan & Morgan's alleged false statements in advertising.

In these advertisements, "Morgan & Morgan" makes statements about its legal representation sometimes by an identified attorney, sometimes by John Morgan or Ultima Morgan, and sometimes by an unidentified speaker or voiceover. Rosenbaum alleges certain statements are false or misleading because Morgan & Morgan PA attorneys imply they will represent clients in the Philadelphia when they never intend to and do not represent clients in the Philadelphia area.[28] Rosenbaum also alleges the Morgan & Morgan entities[29] disclaimer "it is not a referral service" is false or misleading because the Morgan & Morgan entities, in reality, refer all or nearly all of cases from Philadelphia clients to other law firms.[30]

4

### 3. Morgan & Morgan's billboard statements.

The Morgan & Morgan entities advertised personal injury legal services through billboards around the Philadelphia area.[31] Rosenbaum alleges the billboards "feature John Morgan's face prominently" and feature Morgan & Morgan Global's trademarks "Morgan & Morgan" and "For the People."[32] The billboards state "Morgan & Morgan" has "Offices Philadelphia." Rosenbaum alleges "Offices Philadelphia" is false because Morgan & Morgan PA denies having an office in Philadelphia and instead states the separate entity Morgan & Morgan Philadelphia owns the Philadelphia office.[33]

### 4. Morgan & Morgan's internet advertisements.

Similarly Rosenbaum alleges Morgan & Morgan PA's website has a false or misleading statement because the website advises "'[Morgan & Morgan's] attorneys in our Philadelphia office handle cases in the following practice areas,' referring to various types [of] personal injury claims, and identifying [Morgan & Morgan] as 'Personal Injury Lawyers in Philadelphia.'"[34] Morgan & Morgan PA, however, denies having an office in Philadelphia.

### C. Morgan & Morgan's representations in Pennsylvania.

Rosenbaum alleges the Morgan & Morgan entities and attorneys "did not, do not, and did not otherwise intend to represent any Prospective Clients and, if any, then a *de minimis*, negligible or nominal number of Prospective Clients, regarding their personal injury claims."[35] Rosenbaum alleges one or more Morgan & Morgan PA attorneys entered their appearance on one personal injury client in Philadelphia but the matter "is being handled by a lawyer in Mississippi and primary local counsel is the Philadelphia law firm Saltz Mongeluzzi.[36] Rosenbaum alleges the Morgan & Morgan entities and attorneys never intends to represent personal injury clients in the Philadelphia area but refers "all or substantially all" potential clients

5

who contact Morgan & Morgan to another law firm.[37] Instead, the Morgan & Morgan entities have a referral agreement with several Philadelphia law firms and the Philadelphia law firms are responsible for litigating and financial costs for the client's case in return for a referral fee paid to Morgan & Morgan.[38]

## II. Analysis

Rosenbaum sued Morgan & Morgan Global PLLC, Morgan & Morgan, PA and John B. Morgan, Ultima Morgan, Scott W. Weinstein, and Reuven Moskowitz[39] alleging Morgan & Morgan's advertisements violated the Lanham Act and Pennsylvania state law[40] because they contain false and misleading statements suggesting Morgan & Morgan attorneys will actually represent clients when in fact prospective clients are referred to another law firm or attorney without ever speaking to a Morgan & Morgan attorney.

Rosenbaum alleges the Morgan & Morgan entities and attorneys made numerous false or misleading statements. We found an earlier Rosenbaum complaint sufficiently pleaded false or misleading statements: (1) "I'm your lawyer;" (2) "We're all here for you" and "Our family is here for your family;" (3) "You don't pay us unless we're successful;" and (4) "Not a referral service." We held Rosenbaum pleaded a Lanham Act violation for statements implying Morgan & Morgan PA and its attorneys would represent Philadelphia based clients when in reality Morgan & Morgan had no intention of ever representing clients in the Philadelphia area. The alleged statements "I'm your lawyer," "We're all here for you," and "You don't pay us unless we're successful" all fall under this first umbrella because Rosenbaum alleges these statements are literally false because Morgan & Morgan PA attorneys never represent, never are there for, or never are successful for Philadelphia based clients.

6

We also found Rosenbaum sufficiently pleaded a Lanham Act violation for Morgan & Morgan PA's statement it is "not a referral service" when Morgan & Morgan PA referred out all, or nearly all, Philadelphia-based clients to other firms.

In its Second Amended Complaint after discovery, Rosenbaum alleges additional statements are false or misleading and also sues other Morgan & Morgan entities and individuals. To plead a false advertising claim, Rosenbaum must allege (1) Morgan & Morgan made false or misleading statements as to its legal services; (2) if the statements are misleading, those statements actually deceive or at least have a "tendency to deceive a substantial portion of the intended audience;" (3) Morgan & Morgan's "deception is material in that it is likely to influence purchasing decisions;" (4) "the advertised goods traveled in interstate commerce;" and, (5) Rosenbaum will likely suffer injury from "declining sales, loss of good will, etc."[41] Our court of appeals instructs we analyze the alleged false or misleading statement "in the context of the entire accused advertisement" not just the statement in isolation.[42]

### A. Rosenbaum pleads a Lanham Act claim against Morgan & Morgan PA, John Morgan, Ultima Morgan, and Reuven Moskowitz.

Morgan & Morgan PA, Ultima Morgan, John B. Morgan, and Reuven Moskowitz move to partially dismiss Rosenbaum's Lanham Act claims arguing certain alleged statements are not false or misleading and the billboard and internet advertising are not false or misleading.[43] They move to dismiss Rosenbaum's Lanham Act claims regarding statements not the same or substantially similar to the four statements we earlier found could proceed into discovery.

In essence, Morgan & Morgan and the individuals are asking us to examine each statement in a vacuum and strike Rosenbaum's allegations about certain statements because those statements are not misleading in isolation. We decline this exercise at the motion to dismiss stage because it is not clear from Rosenbaum's allegations whether certain statements

7

also appear in an advertisement with the allegedly misleading disclaimer. The full factual record of summary judgement is the time to examine each advertisement in context and determine whether they are false or misleading instead of examining the statements in isolation based solely on allegations. At this stage, Rosenbaum sufficiently pleads a claim under the Lanham Act relating to Morgan & Morgan's television advertisements.

In an entirely new claim, Rosenbaum alleges the billboard advertisements and website are false or misleading under the Lanham Act because they state "Morgan & Morgan" has an office in Philadelphia but Morgan & Morgan PA and Morgan & Morgan Global deny having an office in Philadelphia.[44] Morgan & Morgan PA moves to dismiss arguing "Morgan & Morgan Offices Philadelphia" is not literally false because the billboard states "Morgan & Morgan" not "Morgan & Morgan PA."

Rosenbaum sufficiently alleges a Lanham Act claim because it alleges the billboards in the Philadelphia area use the trade name "Morgan & Morgan" through the trademark owned by Morgan & Morgan Global to advertise an office in Philadelphia when it is literally false because Morgan & Morgan Global and Morgan & Morgan PA deny having an office in Philadelphia. Taking Rosenbaum's allegations as true, Morgan & Morgan PA's website is also literally false under the Lanham Act because the website states it has an office in Philadelphia when allegedly Morgan & Morgan PA denies having an office in Philadelphia.

**B.  Rosenbaum pleads a Lanham Act claim against Morgan & Morgan Global.**

Morgan & Morgan Global, PLLC also moves to dismiss all claims against it arguing Rosenbaum fails to sufficiently its personal involvement in the alleged false statements.

Rosenbaum pleads a Lanham Act claim against Morgan & Morgan Global for false advertising because it alleges Morgan & Morgan Global permitted its trademark "Morgan &

8

Morgan" to be used in billboard advertisements stating Morgan & Morgan has an office in Philadelphia when allegedly neither Morgan & Morgan Global nor Morgan & Morgan PA have an office in Philadelphia. Accepting Rosenbaum's allegations as true, Morgan & Morgan Global allowed its "Morgan & Morgan" trademark to be used in an advertisement with a literally false statement.

### C. Rosenbaum pleads Scott W. Weinstein's personal involvement.

Scott W. Weinstein, Esquire moves to dismiss arguing Rosenbaum fails to sufficiently allege his personal involvement in the alleged false statements.

Rosenbaum alleges Morgan & Morgan PA's managing partner Attorney Weinstein "approved and/or authorized" the television campaign shown in the Philadelphia market.[45] In our January 8, 2018 Memorandum, we held "[a]t this stage accepting Rosenbaum's allegation Attorney Weinstein personally authorized and approved the television advertisements featuring the allegedly misleading statements as true, it is a sufficient allegation he "personally …approved of [and] sanctioned" the advertisements for personal liability under the Lanham Act.[46]

Attorney Weinstein argues "substantial discovery" does not support Rosenbaum's allegation of personal involvement. Wrong stage for a fact argument. We decline to revisit our January 8, 2018 Order today because Attorney Weinstein's arguments Rosenbaum's allegations lack factual support are appropriate at the summary judgment stage.

### III. Conclusion

We deny Morgan & Morgan PA, John B. Morgan, Esquire, Ultima Morgan, Esquire, and Reuven Moskowitz's motion to dismiss specific allegations of false or misleading statements from Rosenbaum's Lanham Act and Pennsylvania law claims. We deny both Morgan & Morgan

9

Global PLLC's and Scott W. Weinstein, Esquire's motions to dismiss all Lanham Act and Pennsylvania law claims against it because Rosenbaum sufficiently alleges a claim against them.

---

[1] Second Amended Complaint, ECF Doc. No. 57, ¶¶ 1, 140.

[2] *Id.* ¶¶ 141, 145.

[3] *Id.* ¶¶ 147-151.

[4] *Id.*

[5] *Id.* ¶ 154.

[6] *Id.* ¶¶ 2, 20.

[7] *Id.* ¶ 26.

[8] *Id.* ¶¶ 19, 20.

[9] *Id.* ¶ 14.

[10] *Id.* ¶¶ 3, 14, 16-17.

[11] *Id.* ¶ 3.

[12] *Id.* ¶ 104.

[13] *Id.*

[14] *Id.* ¶¶ 4, 8, 15.

[15] *Id.* ¶¶ 6-8.

[16] *Id.* ¶ 33.

[17] *Id.* ¶ 38.

[18] *Id.* ¶¶ 21-22.

[19] *Id.* ¶ 39.

[20] *Id.* ¶¶ 40-41.

[21] *Id.* ¶ 43.

[22] *Id.* ¶ 29.

[23] *Id.* ¶ 100.

[24] *Id.* ¶ 103.

[25] *Id.* ¶ 102.

[26] *Id.* ¶ 106.

[27] *Id.* ¶ 35.

[28] *See id.* ¶ 78.

[29] The disclaimer states the law firm responsible for this advertisement is "Morgan & Morgan" but it is not clear which Morgan & Morgan entity it is referring to.

[30] *Id.* ¶ 87.

[31] *Id.* ¶ 118.

[32] *Id.* ¶¶ 16-17, 120.

[33] *Id.* ¶ 123.

[34] *Id.* ¶¶ 24, 128.

[35] *Id.* ¶ 49.

[36] *Id.* ¶ 47.

[37] *Id.* ¶ 51.

[38] *Id.* ¶¶ 56-57.

[39] It is unclear from the Second Amended Complaint if Reuven Moskowitz is an attorney.

[40] We analyze Rosenbaum's Lanham Act and Pennsylvania state claim together because the elements are parallel "absent the requirement for goods to travel in interstate commerce." *Reese v. Pook & Pook, LLC.*, 158 F. Supp. 3d 271, 288 (E.D. Pa. 2016) (citing *Leonetti's Frozen Foods, Inc. v. Am. Kitchen Delights, Inc.*, No. 11–6736, 2012 WL 1138590, at *11 (E.D. Pa. Apr. 4, 2012); *KDH Elec. Sys., Inc. v. Curtis Tech. Ltd.*, 826 F.Supp.2d 782, 807 (E.D. Pa.2011)); *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F.Supp.2d 567, 582 (E.D.

11

Pa.2002) ("Under Pennsylvania law, the elements necessary to prove unfair competition through false advertising parallel those elements needed to show a Lanham Act violation, absent the requirement for goods to travel in interstate commerce.").

[41] *Groupe SEB USA, Inc. v. Euro-Pro Operating, LLC*, 774 F.3d 192, 198 (3d Cir. 2014) (quoting *Pernod Richard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011) and *Warner-Lambert Co. v. Breathsure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000)).

[42] *See Pernod*, 653 F.3d at 252-53 (internal citations omitted) ("This is not a trademark case, and certainly not one addressing trademark registration, no matter how much Pernod may wish it were. We are obligated in this false advertising case under § 43(a)(1)(B) to look at the words "Havana Club" in the context of the entire accused advertisement, the label of the rum.")

[43] In deciding a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, but we "are not compelled to accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assoc., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Our Court of Appeals requires we apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[44] *Id.* ¶¶ 123, 128.

[45] *Id.* ¶ 106.

[46] ECF Doc. No. 39 at 14 (quoting *General Steel Domestic Sales, LLC v. Chumley*, No. 13-00769, 2014 WL 2111107, at *6 (D. Col. May 20, 2014)).